IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV302-1-MU

| | |
|---|---|
| RICHARD TYRONE KIMBLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| FNU/LNU, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court for an initial review of the Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, filed September 16, 2005.

A Petition for a Writ of Habeas Corpus requires a filing fee of $5.00. Petitioner has failed to pay the filing fee or to file an application to proceed in forma pauperis. His federal habeas petition is therefore dismissed on this basis.

Moreover, even if Petitioner had paid his fee or requested pauper status, Petitioner has not fully exhausted his state remedies. A prisoner is required to exhaust the remedies available to him in the state courts before he files a writ of habeas corpus in the federal courts. 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has held that § 2254's exhaustion requirement requires "state prisoners to give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838 (1999). This "one full opportunity" includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the State. Id.

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review or by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N. C. Gen. Stat. § 7A-31; N.C. Gen. Stat. § 15A-1422.

In his Petition for a Writ of Habeas Corpus, Petitioner indicates that he did not directly appeal his case to the North Carolina Court of Appeals. Petitioner thus did not fully exhaust his state court remedies through the direct appeal process. Although Petitioner does not indicate on his petition form that he filed a Motion for Appropriate Relief, he attaches an Order from the Superior Court of Buncombe County denying an MAR. Nowhere, however, does Petitioner indicate that he appealed its denial to the North Carolina Court of Appeals by filing a writ of certiorari. The Court therefore concludes, based upon the evidence provided to the Court by the Petitioner himself, that he has failed to fully exhaust his state court remedies and his federal habeas petition must be dismissed.

Finally, the Court notes that Petitioner has also failed to comply with Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 2(a) states that "the petition must name as respondent the state officer who has custody." Such failure is also a basis for the dismissal of Petitioner's federal habeas petition.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED without prejudice** for failing to pay the filing fee; for failing to exhaust his state court remedies; and for failing to name a Respondent.

**Signed: September 29, 2005**

Graham C. Mullen
Chief United States District Judge